IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEATRICE FONT GARNIER
Plaintiff

vs

JOSEFINA FONT GARNIER
Defendant

CIVIL 17-2216CCC

**OPINION AND ORDER**

This is a diversity action sounding in breach of contract and tort. Before the Court now is a Motion to Dismiss filed by defendant Josefina Font Garnier on December 14, 2017 (**d.e. 5**), which plaintiff opposed on January 18, 2018 (d.e. 7).

We glean the facts from the complaint (d.e. 1). Plaintiff Beatrice Font Garnier is a former resident of the Commonwealth who opted to move to Florida around June 5, 2014. Her apartment in San Juan was fully equipped and decorated with expensive art, and her plans were to sell some of said equipment and art while she was in Florida. For said reason, before leaving for Florida, she asked her defendant sister to assist her by maintaining custody of the apartment and its contents and to provide access to the apartment, pursuant to her specific instructions, to the persons who would buy any of the equipment or art.

On January 2015, plaintiff traveled to Puerto Rico and returned to her apartment only to find it in complete disarray. Several fixtures were damaged, and all of the equipment and art were gone. She then confronted her sister who told her that she had sold all the equipment and art. While plaintiff states

that the equipment and art sold by her sister and the damage caused to the apartment totaled $125,000.00, she reached an agreement with defendant that if she paid her $40,000.00 she would forget about the rest. During February 2015, defendant paid plaintiff $10,000.00 out of the $40,000.00 agreed. Despite plaintiff's recurrent request for additional payments, defendant never made another one.

Plaintiff then brought this action against her sibling asserting various claims under Puerto Rico's Civil Code. Averring that she entered into a contract of deposit with her sister under the Code's Article 1660, she posits that it was breached when the property was disposed without her authorization in violation of Article 1666. She also invoked Article 1802 seeking "emotional and economic damages" for the breach of the contract of deposit. Finally, plaintiff contends that her sister breached the contract of settlement to which they had agreed, affirms that she is rescinding said agreement, and demands payment for the full amount of damages which she established at $125,000.00.

In her dismissal motion, defendant contends that out of the three causes of action asserted by plaintiff two are time barred and the remaining one falls below the jurisdictional amount. As she sees it, the tort claim began to run in January 2015 when plaintiff returned to Puerto Rico and saw that her apartment was in shambles, yet she filed her complaint beyond the one-year statute of limitations for such a claim provided in Article 1868 of the Civil Code. Similarly, defendant contends that the breach of deposit claim also has a one-year statute of limitations, which likewise allegedly elapsed before this suit was initiated. As to the remaining claim on breach of the settlement, defendant

avers that plaintiff can only opt to request specific performance of the settlement agreement which would place her claim below the $75,000.00 jurisdictional amount threshold. According to her, rescission of the settlement contract is not an option for "Puerto Rico Supreme Court does not favor the rescission of a contract in which, as happens in the instant case, there has been partial compliance by the Defendant." Motion, at p. 4. Plaintiff's opposition distinguishes the Puerto Rico Supreme Court case in which defendant relied to support her position that the remedy of specific performance is favored over that of rescission, and insists that her recurrent payment requests to defendant on the balance of the settlement amount served to toll the limitations period as to her two other claims.

It is well-established that motions brought under Rule 12(b)(1) and Rule 12(b)(6) are subject to the same standard of review. A court's goal in reviewing a dismissal motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013). The court must take all of the pleaded factual allegations in the complaint as true. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Plaintiffs are not required to submit evidence to defeat a dismissal motion, but need only sufficiently allege in their complaint "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1967 (2007)).

The settlement agreement described in the complaint through which the two sisters attempted to resolve their disputes is no other than the contract of

CIVIL 17-2216CCC							4

compromise recognized in Article 1709 of the Civil Code of Puerto Rico, which provides: "A compromise is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted." 31 L.P.R.A. § 4821. The Puerto Rico Supreme Court has allowed an aggrieved party to sue for rescission of a compromise agreement. See Neca Mortgage Corporation v. A&W Developers S.E., 137 D.P.R. 860, 874 (1995); Alvarado v. Bonilla, 86 P.R.R. 464 (1962); Riera v. Macias de Riera, 42 P.R.R. 560 (1931).

In Alvarado, one of the issues in a complicated real estate case was whether the plaintiff could sue for the original debt after a compromise contract had been breached by the defendant. Alvarado, 86 P.R.R. at 475. In discussing this issue, the Court held:

> Once said [compromise] contract had been violated, the creditor could sue for the amount of the original debt. This is so, because the noncompliance with or breach of the terms of the contract of compromise, even supposing that there was a novation, produced its resolution and consequently it ceased to exist. Riera v. Macias de Riera, 42 P.R.R. 560; Heirs of Escalera v. Barreto, 81 P.R.R. 580.

Id. at 475.

Similarly here, as the defendant has allegedly failed to perform her obligation embodied in the putative compromise agreement, i.e. the payment of the remaining $30,000 out of the $40,000 originally negotiated, plaintiff is entitled to seek rescission of the agreement and bring an action on the claims initially settled, which she has identified in her complaint as being the breach of the contract of deposit and torts.

Although defendant avers, relying on <u>Alvarez v. Rivera</u>, 165 D.P.R. 1, 19-20 (2005), that the Puerto Rico Supreme Court does not favor the rescission of a contract where there has been partial compliance by the defendant, she misreads the holding of that case. <u>Alvarez</u> merely reiterated long-standing civil law doctrine establishing that not every breach of a mutual obligation may lead to rescission of a contract. For this to be the case, "the unmet obligation must be an essential obligation or fulfillment of the obligation must constitute the motive that induced the other party to enter into the contract." <u>Ramirez v. Club Cala de Palmas</u>, 123 D.P.R. 339, 347-348 (1989). On the contrary, nonperformance of accessory or complementary obligations that do not constitute the real reason for executing the contract and that are incorporated into the same may trigger an action for damages or any other action that the circumstances of each case may warrant, but never a rescissory action. <u>Id.</u>, at p. 348. However, the unperformed obligation alleged here, <u>i.e.</u> nonpayment of the agreed settlement amount, was the essential obligation of the parties' settlement agreement. <u>Alvarez</u>, thus, is inapposite to plaintiff's situation and she may sue for rescission of the settlement agreement entered into with her sister.

Upon opting for rescission of the compromise agreement, plaintiff may then pursue her settled claims for breach of the contract of deposit and for damages. As to these, defendant claims that both are time-barred for their limitations period of one-year had already elapsed without having been tolled by the plaintiff. Plaintiff, on the other hand, contends that her recurrent

CIVIL 17-2216CCC                 6

payment demands on the amount owed served to toll the statute of limitations until the filing of the complaint in September 2017.

Pursuant to Article 1873 of the Puerto Rico Civil Code, 31 L.P.R.A. § 1873, the prescription of actions may be interrupted "by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." Certainly, by agreeing to settle all the claims that plaintiff had against her, defendant acknowledged her debt and the statute of limitations on said claims was tolled while compliance with the settlement agreement remained pending. Defendant's claim to the contrary is meritless.

For the reasons stated, the Motion to Dismiss filed by defendant Josefina Font Garnier (**d.e. 5**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 28, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge